

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 21, 2009**                                  **United States Bankruptcy Judge**

___

THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

```
In re:                          §
                                §
Hamlin Properties, Ltd.,        §    Case No. 08-30506-SGJ-11
                                §
        Debtor.                 §
```

```
Hamlin Properties, Ltd.,        §
                                §
        Plaintiff,              §
                                §
v.                              §    Adversary No. 08-3378
                                §
PAMI September, LLC,            §
                                §
        Defendant.              §
```

### MEMORANDUM OPINION AND ORDER: (1) DENYING MOTION FOR REMAND; AND (2) SETTING SCHEDULING CONFERENCE

#### I.   FACTUAL BACKGROUND

Plaintiff, a former Chapter 11 Debtor (hereinafter,

-1-

"Plaintiff" or "Debtor"), whose case has now been dismissed, filed the above-referenced removed action in Kaufman County, Texas (hereinafter, the "Action"), during its Chapter 11 case, against its secured lender PAMI September, LLC (hereinafter, "Defendant" or "Secured Lender"), in an effort to thwart the Secured Lender's imminent foreclosure on the Debtor's 208-unit apartment complex (and surrounding property), in Kemp, Texas, after this court had entered an agreed order lifting the automatic stay to permit exactly that.

Specifically, the Action was filed (by special litigation counsel for the Chapter 11 Debtor, whose employment had not been disclosed or approved in the Chapter 11 case), approximately six months after the above-referenced single asset Chapter 11 real estate case was filed. By the point in time when the Action was filed: (a) the Debtor had entered into an agreement in its case, in a Final Agreed Order Allowing Use of Cash Collateral (the "Cash Collateral Order"), entered on March 10, 2008, that Defendant's approximately $13 million secured claim was valid, not subject to defense, offset or counterclaim of any kind (with other parties-in-interest having a set time period to challenge this; such time period having since expired), and (b) the Defendant had obtained agreed relief from the automatic stay to allow it to foreclose on the Debtor's real property, since the Debtor had not been able to sell the property by a drop-dead date

negotiated, or otherwise formulated a reorganization plan that was in prospect. Despite these court-blessed agreements of the Debtor, the Debtor (again, unbeknownst to the bankruptcy court) retained special litigation counsel and filed the Action in state court against Defendant, seeking an injunction to prevent foreclosure, and seeking declaratory relief to negate the Secured Lender's claims, based on alleged usury and other theories.

Prior to removal, the Debtor was able to obtain a temporary injunction in the state court. Defendant then removed the Action to this court, and this court vacated that injunction. Foreclosure then proceeded on September 2, 2008. The underlying bankruptcy case was ultimately dismissed on November 4, 2008 (on motion filed by the Debtor), as there appeared to be no property left to administer in the bankruptcy case.

On January 15, 2009, this court issued the Order to Show Cause Why This Adversary Proceeding Should Not Be Dismissed (the "Show Cause Order"). The court issued the Show Cause Order because it was the court's view that, in light of the dismissal of the underlying bankruptcy case, the court likely no longer had bankruptcy subject matter jurisdiction over this Action (the court also suspected the Action was moot). On February 4, 2009, presumably in response to the court's Show Cause Order, Plaintiff

-3-

filed a motion to remand[1] (the "Motion to Remand"), essentially making the argument that the court no longer has jurisdiction over this Action, due to the dismissal of the underlying bankruptcy case.  On February 27, 2009, the Secured Lender, apparently concerned that the Debtor would resume (and possibly expand) litigation against it in the state court if remand were permitted (since Plaintiff was not simply agreeing to a dismissal of the Action, at this juncture), filed its Objection to Motion to Remand or, Alternatively, to Withdraw the Reference (the "Objection"), asserting that the Plaintiff is collaterally estopped from maintaining any action in any court to seek relief that is inconsistent with its agreement in the Cash Collateral Order that Defendant's secured claim was a valid claim, not subject to defense, offset or counterclaim of any kind. Defendant further argued that this court retains discretion to continue to exercise jurisdiction over this related Action, and that the four factors of judicial economy, convenience, fairness, and comity were to be considered by this court in determining whether to retain jurisdiction.  Defendant urges the court to retain jurisdiction over this Action.  In the event that the court chooses not to adjudicate this Action, Defendant urges that the court recommend that the reference of the Action be

---

[1]The document is entitled "Defendants' Motion to Remand," but it was filed by Plaintiff, Hamlin Properties, Ltd., and its unauthorized special counsel, James C. Mosser.

withdrawn, such that the District Court for the Northern District of Texas would determine the matter.  Defendant also asserted that it intended to file a motion for summary judgment regarding the validity of its claim, which has not yet occurred, presumably because the question of jurisdiction is still pending.

On March 25, 2009, the court held a hearing on the Motion for Remand and ordered that the parties file post-hearing briefing on the federal jurisdiction questions.  Such briefing was subsequently filed.

## II.  CONCLUSIONS OF THE COURT

After reviewing the parties' briefs, the court has determined that the Motion to Remand should be denied.  The court has determined, first, that it had bankruptcy subject matter jurisdiction over the Action at the time it was removed, as it involved claims by a debtor-in-possession that, if successful, could conceivably have had an effect on the bankruptcy estate.[2] *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987).[3]  The court has

---

[2] For example, if the Debtor successfully prosecuted its theories of usury in the Action and reduced the Secured Lender's claims, there would be equity in the real property for the benefit of other creditors in the case.  This bankruptcy case was not a two-party dispute.  Among other parties-in-interest, there was a holder of a large alleged mechanic's lien, in addition to some unsecured creditors.

[3] The court notes that the Action also involves defenses (and/or declaratory judgment counterclaims) of the Secured Lender regarding the collateral estoppel effect of certain orders of the bankruptcy court.  It is well established that any court retains jurisdiction to interpret its own orders.  *In re Nat'l Benevolent*

further determined that the intervening event of dismissal of the underlying bankruptcy case did not, in fact, divest the court of bankruptcy subject matter jurisdiction.

First, "as a general rule the dismissal or closing of a bankruptcy case should result in dismissal of related proceedings." *In re Querner*, 7 F.3d 1199, 1201 (5th Cir. 1993). However, the Fifth Circuit recognized in *Querner* that "nothing in the statute governing bankruptcy jurisdiction mandates automatic dismissal of related proceedings upon termination of the underlying bankruptcy case." *Id*. "The decision to retain jurisdiction over related proceedings rests within the sound discretion of the bankruptcy court." *Id*. at 1202. In determining whether a bankruptcy court abuses its discretion by retaining jurisdiction over related proceedings after dismissal of an underlying bankruptcy case, federal courts have analogized the situation to cases concerning the authority of federal district courts to retain pendent state claims after federal claims have been dismissed. *Id.* "The Supreme Court has held that a federal district court must consider four factors in deciding whether to retain jurisdiction over pendent state claims after the dismissal of federal claims: economy, convenience, fairness, and comity." *Id.*

---

*Ass'n of the Christian Church (Disciples of Christ),* 2009 WL 1649485, *4 (5th Cir. 2009).

-6-

Next, in *In re Enron Corp. Sec.*, 535 F.3d 325, 335 (5th Cir. 2008), in a post-confirmation context, the Fifth Circuit held that if "related to" jurisdiction existed at the time a cause of action was removed, subsequent events cannot divest the court of subject matter jurisdiction. *Id*. The Fifth Circuit distinguished the *Enron* case from its prior decision in *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388 (5th Cir. 2001). In *Craig's Stores*, the Fifth Circuit held that the termination of the debtor's estate upon confirmation resulted in the termination of the bankruptcy court's jurisdiction, except over matters pertaining to the implementation and execution of the plan. *In re Craig's Stores*, 266 F.3d at 390. The difference in the *Enron* case was that the claims were not post-confirmation claims arising from post-confirmation activities, but pre-confirmation claims arising from pre-confirmation activities. *Enron*, 535 F.3d at 335. The Fifth Circuit noted that, "[t]he *Craig's Stores* Court did hold that a bankruptcy court may *lack* jurisdiction over post-confirmation claims based on post-confirmation activities, but the *Craig's Stores* Court did not hold that a bankruptcy court may *lose* jurisdiction over pre-confirmation claims based on pre-confirmation activities, like those in this case." *Id*. (emphasis the court's).

While this adversary proceeding is in a **post-dismissal** posture (in which the suit involves pre-dismissal activities and

pre-dismissal commencement of a suit), rather than a ***post-confirmation*** posture (in which the suit involves pre-confirmation activities and pre-confirmation commencement of a suit), the court perceives that the issue of ***the intervening extinguishment of the bankruptcy estate on this court's jurisdiction*** is the same with regard to both this Action and the *Enron* action. The court, therefore, concludes that the dismissal of the underlying bankruptcy case herein did not cause this court to lose bankruptcy subject matter jurisdiction over this Action. This conclusion is consistent with the Fifth Circuit's determination in *Querner* that, while the general rule is that an adversary proceeding should be dismissed upon the dismissal of the underlying bankruptcy case, the decision whether to retain jurisdiction post-dismissal rests within this court's sound discretion. *Querner*, 7 F.3d at 1202.

    Turning now to the four factors this court should consider in deciding whether to retain jurisdiction, the court finds that judicial economy favors this court retaining jurisdiction. This court is intimately familiar with the controversy between Plaintiff and Defendant and with the Cash Collateral Order, which is central to this dispute. It would be a waste of judicial efforts for another court to familiarize itself with these facts that this court knows very well. Convenience also weighs in favor of this court retaining this Action. The Plaintiff chose

this forum when it filed its bankruptcy case and is competently represented by counsel in Dallas. Too, Kaufman County adjoins Dallas County, so the question of distance between courts is functionally a nonissue. Third, fairness also weighs in favor of this court keeping this Action. Plaintiff's filing of this Action in Kaufman County state court, during the pendency of this bankruptcy case, after entry of this court's order lifting stay in favor of Defendant, in order to avoid the effects of this court's lift stay order, smacks of forum shopping. Again, because Plaintiff originally chose this forum, the court sees no unfairness in Plaintiff staying in this forum to complete this lawsuit. Moreover, the court believes it would be unfair to permit Plaintiff to benefit, post-dismissal, from its original forum shopping to Kaufman County. Finally, comity does not dictate that this court should remand this proceeding. This Action involves well-settled issues of state law and (more importantly) interpretation and enforcement of orders of this court. There are no novel issues of state law that this court is being asked to consider such that this court will not be intruding on a state's sovereign rights by retaining this Action. Accordingly, it is hereby

    **ORDERED** that the Motion for Remand is **DENIED**; and it is further

    **ORDERED** that the parties shall appear before this court on

**October 26, 2009, at 10:30 a.m.** for a scheduling conference. The parties are directed to confer and attempt to arrive on an agreed scheduling order prior to the status conference. If the parties cannot agree to a form of scheduling order, this court will order one.

###END OF ORDER###